Dallas W. CALDWELL

v.

**SECRETARY OF HHS.**

No. 9:93–CV–185.

United States District Court,
E.D. Texas,
Lufkin Division.

July 17, 1995.

Don Wheeler, Wheeler & Russell, Center, TX, for Dallas Caldwell.

Steven Mason, Ass't U.S. Atty., for Dept. of Health & Human Servs.

### MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

HANNAH, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Secretary of Health and Human Services denying plaintiff's application for disability insurance benefits.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

### REPORT AND RECOMMENDATION

HINES, United States Magistrate Judge.

The plaintiff, Dallas Caldwell, seeks judicial review of the final decision of the Secretary of Health and Human Services, pursuant to 42 U.S.C. § 405(g). The Secretary previously denied plaintiff's claim for disability insurance benefits. 42 U.S.C. § 1382(b). An Administrative Law Judge ("ALJ") found plaintiff was unable to meet the requisite degree of ability required by 20 C.F.R. §§ 404.1569, 416.969, and Rule 202.18, Table No. 2, of Appendix 2, Subpart P, Regulation No. 4. The plaintiff failed to show that he was disabled under step five of the evaluation process set out in C.F.R. sections 404.1529 and 416.920. The Appeals Council found no basis to review the ALJ's findings. Plaintiff then proceeded with this civil action against the Secretary.

This action was referred to a United States Magistrate Judge pursuant to Title 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate, dated July 3, 1980, for findings of fact, conclusions of law, and recommendations for disposition of the case.

For purposes of this review, plaintiff filed his original application for Title II disability benefits on March 4, 1992. (Tr. 53). No physical impairment existed before March 8, 1990. Medical records show plaintiff had a work-related back and knee injury since August of 1987. (Tr. 123–24). He re-injured his back in March of 1990, when a tree fell on him while he was logging. Tests showed degeneration in the spine and disc herniation. (Tr. 143–147). Following surgery in February of 1991, plaintiff's condition improved, although he continued to experience pain associated with the injury. (Tr. 158–164).

In finding plaintiff not disabled, the ALJ determined that plaintiff could perform a full range of sedentary jobs existing in the na-

tional economy.[1] (Tr. 19–20). The ALJ's recommendation to deny benefits became the final decision of the Secretary when the Appeals Council denied plaintiff's request for further review. (Tr. 3–4).

### I. STANDARD OF REVIEW

A federal court may review the Secretary's denial of disability benefits only to determine whether substantial evidence in the record supports the decision and whether the Secretary used proper legal standards in evaluating the evidence. *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir.1990). Substantial evidence consists of more than a scintilla but less than a preponderance of relevant evidence. *Richardson v. Perales,* 402 U.S. 389, 409, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842 (1971). Substantial evidence exists when a reasonable mind might accept the evidence as adequate to support a conclusion. *Villa,* 895 F.2d at 1021–22 (citing *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir.1983)).

Federal courts may not reweigh or review the evidence *de novo. Pierre v. Sullivan,* 884 F.2d 799, 802 (5th Cir.1989). Therefore, a finding that no substantial evidence exists is proper only if no credible evidentiary choices or medical findings support the Secretary's decision. *Johnson v. Bowen,* 864 F.2d 340, 343–344 (5th Cir.1988).

For purposes of Title II of the Social Security Act, a claimant is deemed "disabled" if he is unable to engage in any substantial gainful activity for twelve consecutive months due to a medically determinable impairment.[2] 42 U.S.C. § 423(d)(2)(A). The claimant must demonstrate his physical or mental impairment through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). These impairments must be so severe that the claimant

... is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

The Secretary uses a five-step analysis to determine whether an applicant is able to perform "substantial gainful activity." *Villa* 895 F.2d at 1022; 20 C.F.R. §§ 404.1520, 416.920 (1994).

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing work done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*See also Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir.1991) (paraphrasing 20 C.F.R. §§ 404.1520(b)–(f), 416.920(b)–(f) (1988)).

The claimant has the burden of proving his disability with respect to the first four steps of the above analysis. *Bowen v. Yuckert,* 482

---

1. (a) Sedentary work.

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567 and 416.967.

2. 42 U.S.C. § 423(d)(1)(A) defines disability as the:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987). The burden shifts to the Secretary on step five to show that the claimant can perform other work in the national economy. *Id.* If the Secretary finds the claimant disabled or not disabled at any point in the analysis, the finding is conclusive and the five-step review ends. *Wren,* 925 F.2d at 125–26 (citing *Lovelace v. Bowen,* 813 F.2d 55, 58 (5th Cir.1987)); *Villa,* 895 F.2d at 1022 (citing *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir.1988)).

## II. ANALYSIS

The Secretary found plaintiff was not disabled under step five of the sequential evaluation because he could perform sedentary labor. The ALJ found medical evidence of improvement of plaintiff's condition related to the plaintiff's ability to work as of July 1, 1992. Therefore, the ALJ found that while plaintiff was disabled from March of 1990 to July of 1992, he was no longer disabled. (Tr. 19–20). At step five, the Secretary properly considered plaintiff's age, education, work experience, and residual functional capacity in determining plaintiff could perform other work in the national economy. *Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir.1990).

In her evaluation, the Secretary may apply the medical vocational guidelines in 20 C.F.R. section 404, subpt. P, Alp. 2. The Secretary is also permitted to take notice of certain unskilled, sedentary, light, and medium jobs from the Dictionary of Occupational Titles when it is determined that such jobs exist in the national economy. 20 C.F.R. § 404.1566(d).

After the Secretary found the claimant not disabled under step five, the burden shifted back to the plaintiff to prove that he is unable to perform the stated work described by the Secretary as alternative employment. *Selders,* 914 F.2d at 618. The judicial function is merely to review the denial and determine whether substantial evidence exists in the record as a whole to support the Secretary's factual finding. *Anthony v. Sullivan,* 954 F.2d 289, 295 (5th Cir.1992). If these findings are supported by substantial evidence, "they are conclusive and must be affirmed." *Id.; see also* 42 U.S.C. § 405(g).

Plaintiff contends the Secretary's decision is not supported by substantial evidence because the ALJ failed to consider his subjective complaints of pain and therefore applied inappropriate standards related to nonexertional impairments by not providing the testimony of a vocational expert.

The Secretary's decision is supported by substantial evidence. Plaintiff was thirty-seven years old, with a sixth grade education. His relevant work experience includes log cutter, derrick worker, mechanic, farm laborer, and powder man. (Tr. 30). He complained of pain in his back during the hearing, however, such complaints must be corroborated by objective medical evidence. 42 U.S.C. § 423(d)(5)(A). The fact that a plaintiff cannot work without some pain or discomfort will not render him or her disabled. *Barajas v. Heckler,* 738 F.2d 641, 644 (5th Cir.1984). In this circuit, pain, in and of itself, can be a disabling condition under the Act, but only when it is constant, unremitting, and wholly unresponsive to therapeutic treatment. *Harrell v. Bowen,* 862 F.2d 471, 480 (5th Cir.1988).

While the ALJ found plaintiff's complaints credible, the ALJ found no objective medical records to support a finding that plaintiff's pain constituted a nonexertional impairment precluding his ability to perform sedentary work. Because the ALJ concluded plaintiff's complaints of pain did not rise to the level of a nonexertional impairment, a vocational expert was not required.

Review of the entire medical record reveals that plaintiff's treating physician, Dr. Anthony Jorgenson, M.D., of Nacogdoches Bone and Joint Clinic, notes a gradual lessening of pain as early as January 15, 1991 (Tr. 168). Furthermore, Dr. Jorgenson noted plaintiff was walking three to four miles per day (Tr. 166). In July of 1992, Dr. Jorgenson's evaluation includes the following statement: "His back is doing somewhat better. He looks better than he has in the past. Mild pain medicine, muscle relaxers." (Tr. 165). In January of 1992, Dr. Jorgenson wrote, "He is not going to be able to return to heavy work. He ought to go ahead and go Texas Rehab if he needs a retraining program." (Tr. 166). Therefore, plaintiff's own

treating physician has expressed the opinion that plaintiff is in need of only mild pain medication and is capable of being retrained for lighter work.

In addition to the medical data, plaintiff's testimony at the hearing reveals his pain does not preclude him from driving and occasionally performing household tasks. (Tr. 48–49). He can stand for thirty minutes to an hour before his legs "go numb." (Tr. 50). He can sit in approximately the same increments. He has no medical restrictions on the use of his arms and testified he is capable of lifting full gasoline cans, which weigh several pounds. Plaintiff's pain, while present, is neither chronic nor wholly unresponsive to treatment. Therefore, the record is consistent with plaintiff's ability to perform sedentary labor, which includes lifting no more than ten pounds, sitting, walking, and standing. Because the ALJ properly concluded plaintiff did not possess a nonexertional impairment, the testimony of a vocational expert was not an error.

### III. RECOMMENDATION

The decision of the Secretary should be affirmed.

### IV. OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–277 (5th Cir.1988).

SIGNED this 22 day of May, 1995.