# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

Summary Calendar
No. 99-31126

_____

RUSSELL J. DEVILLIER,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-979
--------------------------------------------------------

July 14, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges:

PER CURIAM:[*]

Russell J. Devillier appeals the dismissal of his complaint seeking reversal of the Social Security Commissioner's denial of disability benefits. We AFFIRM.

We accord the Commissioner's decision deference, and our review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. See Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).

Although the sleep disorder of which Devillier complains is supported by objective medical evidence, the Administrative Law Judge ("ALJ") determined that there was no evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

demonstrating that Devillier would be unable to work at least one day per week as a result of the sleep disorder. Devillier points to two affidavits that he provided to the Appeals Council in which he avers that he would miss one day of work per week because of his difficulty sleeping. However, those affidavits set forth no objective evidence; they merely state conclusional allegations. There was no objective medical evidence to support Devillier's contention that he would miss work at least one day a week. The Commissioner was entitled to reject Devillier's subjective and conclusional statements. See, e.g., Wren v. Sullivan, 925 F.2d 123, 129 (5th Cir. 1991) (substantial evidence supported ALJ's determination that pain was not disabling where objective medical evidence did not support claim, despite subjective complaints of pain). Accordingly, Devillier did not meet his burden of showing that his sleep disorder prevents him from performing any of the jobs that the VE determined he could perform.

With respect to Devillier's claim that the ALJ should have ordered a consultative evaluation, we note that Devillier did not properly raise this argument in his initial memorandum to the magistrate judge, nor does he cite to any facts or legal authority on appeal which might show that the ALJ abused its discretion in failing to order such an evaluation. See Wren, 925 F.2d at 126 (decision to order a consultative evaluation is within the discretion of the ALJ). Accordingly, we do not address this claim. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999) (stating that this court will not allow a party to raise an issue for the first time on appeal), cert. denied, -- U.S. –-, 120 S. Ct. 982 (2000); Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) (failure to brief an issue adequately constitutes abandonment of the claim).

AFFIRMED.