IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41398
Summary Calendar

_____

EBB QUALLS,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
Commissioner of Social Security,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:99-CV-73
- - - - - - - - - -
September 22, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ebb Qualls appeals the district court's affirmance of the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act. Qualls' application is based on allegations that he suffers from pain in his right knee, left ankle, back, and neck. On appeal, Qualls argues the following: (1) the administrative law judge (ALJ) erred when he failed to determine whether Qualls possessed "highly marketable skills;" (2) the ALJ did not properly evaluate

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the medical evidence regarding Qualls' limitations; and (3) the ALJ did not properly evaluate Qualls' complaints of pain.

The ALJ did not err when he made no findings regarding whether Qualls possessed highly marketable skills pursuant to 20 C.F.R. § 404.1563(d). Such a finding only occurs at the fifth step in the sequential review process. *See McQueen v. Apfel*, 168 F.3d 152, 154-56 (5th Cir. 1999); Social Security Ruling 99-3(5). In the instant case, the ALJ determined at the fourth step in the evaluation process that Qualls was not disabled because he could perform past relevant work as a taxi cab driver; therefore, it was unnecessary for the ALJ to consider whether Qualls possessed transferrable skills. *See Wren v. Sullivan*, 925 F.2d 123, 125-26 (5th Cir. 1991)(holding that a finding that the claimant is not disabled at any point terminates the sequential evaluation).

Qualls next argues that the ALJ did not evaluate the medical evidence properly. First, he contends that the ALJ failed to discuss the applicability of listing 1.03. The medical expert, Dr. George Weilepp, testified that Qualls had no impairment which met the criteria of any of the listed impairments. Thus, substantial evidence supports the ALJ's decision. Qualls also contends that the ALJ erred when he rejected the conclusion made by Dr. T. W. Bywaters, the consulting orthopedist, that Qualls suffered from a severe impairment. The ALJ is entitled to weigh conflicting medical evidence. *See Martinez v. Chater*, 64 F.3d 172, 175 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This court need not reweigh the evidence or try

the issues *de novo*, as such conflicts are for the ALJ and not for the court to resolve. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). Substantial evidence, in the form of Dr. Weilepp's testimony, supports the conclusion that Qualls was able to perform a full range of light work. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Qualls next argues that the ALJ did not evaluate his pain complaints properly. He points to Dr. Bywaters' report as objective medical evidence that would support Qualls pain complaints and suggests that the ALJ should have addressed specifically each of the factors listed at 20 C.F.R. 404.1529© for evaluating subjective complaints. This court has rejected the sort of formalistic approach urged by Qualls on appeal. *See Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994). The ALJ did not find Qualls' complaints credible based on Qualls' demeanor and description of activities and life style, as well as discrepancies between his assertions and information in the documentary reports. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000); *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988).

Qualls has failed to demonstrate that the ALJ applied the wrong legal standard or that substantial evidence did not support the ALJ's findings. *See Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Accordingly, the district court's judgment is AFFIRMED.