IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50702
Summary Calendar
_____

WAYNE BEAN,

                                                    Plaintiff-Appellant,

versus

LARRY G. MASSANARI, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court for
the Western District of Texas
(USDC No. W-00-CV-118)
_____

December 19, 2001
Before REAVLEY, HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM:*

        Wayne Bean appeals the district court's judgment which affirmed the decision of

the Commissioner of Social Security denying his application for social security disability

benefits.  Our review of the Commissioner's decision is limited to determining whether

_____

        *Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R.
47.5.4.

that decision is supported by substantial evidence and whether the Commissioner employed the correct legal standards. See Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

We agree with the district court, as set out at length in the order of the magistrate judge, that the Commissioner's decision is supported by substantial evidence and that the correct legal standards were employed. More specifically, substantial evidence supports the conclusion of the administrative law judge that under the fourth step of the sequential analysis for determining disability, see Crowley v. Apfel, 197 F.3d 194, 197-98 (5th Cir. 1999), Bean retains the residual functional capacity to return to his past relevant work.

We have reviewed the record and cannot agree with Bean that evidence before the Commission compelled a finding that Bean's physical and psychological problems, considered separately or in combination, rendered him disabled. We also cannot agree with Bean that the administrative law judge (ALJ) failed to give due consideration to the opinions of treating physicians and Bean's subjective complaints of pain. Such evidence should be and was considered by the ALJ, but it is not necessarily dispositive. See Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994) (stating that treating physician's opinions and diagnoses "should be accorded considerable weight," but "are far from conclusive"); Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir. 1991) (stating that ALJ must consider subjective evidence of pain, but that determination of pain's disabling nature is within ALJ's discretion).

AFFIRMED.