United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 6, 2006**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals for the Fifth Circuit

---

m 06-30498
Summary Calendar

---

BETTY A. HARRIS,

Plantiff-Appellant,

VERSUS

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
m 2:05-CV-3248

---

Before SMITH, WIENER, and OWEN,
   Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be pub-
(continued...)

Betty Harris challenges a judgment affirming a decision of the Commissioner of Social Security (the "Commissioner") denying her

---

*(...continued)
lished and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim for social security disability benefits. Because the Commissioner's decision is supported by substantial evidence and comports with the relevant legal standards, we affirm.

## I.

Because Harris is a *pro se* litigant, we liberally construe her briefs and apply less stringent standards in interpreting her arguments than we would in the case of a counseled party. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). We read Harris's briefs as attacking the sufficiency of the record developed by the administrative law judge ("ALJ") and the ALJ's reliance on the testimony of the vocational expert ("VE") to determine that Harris was not disabled under the Social Security Act.[1]

We review a denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Substantial evidence is more than a scintilla, but less than a preponderance, *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993), and a decision is supported by substantial evidence if we find evidence sufficient to establish that a reasonable mind could reach the Commissioner's conclusion, *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir. 1995).

We do not substitute our judgment for the Commissioner's, even if the evidence weighs against her decision. *Newton*, 209 F.3d at 452. If we find conflicts in the evidence, we accept the Commissioner's resolution of the conflicts so long as that resolution is supported by substantial evidence. *Id.*

## II.

Harris alleges that the ALJ did not fully develop the record and consider all relevant evidence before finding that Harris did not qualify for disability payments. An ALJ has a duty fully and fairly to develop the facts relative to a claim for disability benefits. *Ripley*, 67 F.3d at 557. Reversal is appropriate, however, only if the applicant shows that he was prejudiced. *Id.* Prejudice can be established by showing that had the ALJ adequately performed his duty, he "could and would have adduced evidence that might have altered the result." *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). Harris bears the burden of proving her disability, *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991), and if she is unable to provide sufficient medical evidence, the ALJ may make a decision based on the evidence available. *Id.*

The district court properly found that the ALJ had fairly and fully developed the record. The administrative record contains medical records from River Parishes Mental Health Clinic dated November 2001 through August 2003 and April 2004 through May 2004, and from St. Charles Parish Hospital dated January 2004 through February 2004.[2] The ALJ also reviewed the opinion of the Social Security Administration's medical consultant and a consultative examination report by a psychiatrist.

---

[1] Harris also raises a number of other claims, including, *inter alia*, that she is being discriminated against on account of her disability, race, and religion, and that an employee of the Social Security Administration purged medical records from her files. These arguments are not adequately briefed and, even considering the wide latitude we afford *pro se* litigants, we require that arguments must be briefed to be preserved. *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988). Thus, we deem these claims abandoned.

[2] Harris alleges a disability onset date of September 13, 2002.

Outside of a general allegation that some records were intentionally purgedSSa claim with no evidentiary supportSSHarris does not identify specific relevant records that the ALJ failed to consider. Neither does she assert why, had such records been considered, the resulting decision would have been different.

III.

Harris asserts that the ALJ improperly relied on the testimony of the VE. The use of a VE is discretionary. 20 C.F.R. § 404.1566(e). If, however, the claimant suffers from non-exertional impairments, the Commissioner must rely on a VE to establish that suitable jobs exist in the economy. *Newton*, 209 F.3d at 458. Harris suffers from paranoid schizophrenia, a severe nonexertional impairment, and thus not only was the ALJ within his discretion to rely on the VE, but he was required to do so.

Because the Commissioner's decision denying Harris benefits is supported by substantial evidence and comports with the relevant legal standards, we AFFIRM the district court's decision upholding the decision of the Commissioner.