IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2007

Charles R. Fulbruge III
Clerk

No. 07-50358
Summary Calendar

MICHELLE CHRISNER

Plaintiff-Appellant

V.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
1:06-CV-00476

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Michelle R. Chrisner, appeals the decision of the United States Magistrate Judge which affirmed the decision of the Commissioner of the Social Security Administration ("Commissioner") that Chrisner is not entitled to Social Security Disability ("SSD") benefits or Supplemental Security Income ("SSI") benefits. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chrisner injured her left arm. She applied for SSD and SSI benefits, claiming the injury prevented her from working. Her application was denied as was her petition for reconsideration. After a hearing, the Administrative Law Judge ("ALJ") determined that Chrisner was not entitled to benefits. The Appeals Council denied her request for review. The ALJ's decision thus became the final decision of the Commissioner. Chrisner appeals.

On appeal, Chrisner raises three arguments. Chrisner contends that (1) the ALJ's conclusion is not supported by the evidence, (2) the ALJ did not properly consider the opinions of the treating and examining doctors, and (3) the ALJ did not evaluate the credibility of her testimony properly.

Our review of the final decision of the Commissioner is limited to two questions: "(1) whether there is substantial evidence in the record to support the decision; and (2) whether the decision comports with relevant legal standards." Brock v. Chater, 84 F.3d 726, 728 (5th Cir. 1996) (citations omitted). "We may neither reweigh the evidence nor substitute our judgment for that of [the Commissioner or the ALJ]." Villa v. Sullivan, 895 F.2d 1019, 1021-22 (5th Cir. 1990).

To determine whether a disability exists, the ALJ must weigh the following elements of proof: "(1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." Wren v. Sullivan, 925 F.2d 123, 126 (5th Cir. 1991) (citing De Paepe v. Richardson, 464 F.2d 92, 94 (5th Cir. 1972). The ALJ noted his obligation to consider these elements and then properly (and extensively) considered them. The ALJ found that Chrisner had a severe impairment, but concluded that the evidence of record did not substantiate the degree of pain and functional limitation she alleged. In reaching his decision, the ALJ relied on evidence, including but not limited to Dr. Mittal's conclusion that Chrisner had only minor

exertional limitations and Chrisner's testimony that she regularly performed certain household chores and treated her symptoms for years with nothing more than Ibuprofen. Accordingly, substantial evidence supports the ALJ's conclusion that Chrisner does not have a qualifying disability.

Chrisner also claims that the ALJ should have given greater weight to the opinion of her chiropractor. Chrisner overlooks Griego v. Sullivan, 940 F.2d 942, 945 (5th Cir. 1991) (holding that "the relevant regulations accord less weight to chiropractors than to medical doctors."). Chrisner also claims that the ALJ disregarded the opinions of the examining doctors. The record contradicts this assertion; the ALJ specifically adopted Dr. Mittal's findings. The ALJ properly considered the opinions of the treating and examining doctors and accorded them the proper weight.

The final issue is whether the ALJ properly evaluated the credibility of Chrisner's testimony. The ALJ may determine credibility and weigh testimony. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994). We accord great deference to the ALJ's credibility determination. Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000). The ALJ considered Chrisner's testimony concerning her pain and functional limitations but held that the evidence of record refuted their alleged severity. The ALJ's credibility determination was within his authority and supported by substantial evidence.

For the above reasons, we AFFIRM the decision of the Magistrate Judge.