**BAKER MARINE (NIG.) LTD., Petitioner–Appellant,**

**v.**

**CHEVRON (NIG.) LTD. and Chevron Corp., Inc., Respondents–Appellees.**

**Baker Marine (Nig.) Ltd., Petitioner–Appellant,**

**v.**

**Danos and Curole Marine Contractors, Inc., Respondent–Appellee.**

**Docket Nos. 97–9615, 97–9617.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 23, 1998.

Decided: Aug. 12, 1999.

Feyi O. Gaji, Binghamton, N.Y. (Catherine E. Cronin, Johnson City, N.Y., Of Counsel), for Petitioner–Appellant.

Anthony L. Paccione, New York, N.Y. (Loretta Shaw–Lorello, Hertzog, Calamari & Gleason, New York, N.Y., Of Counsel), for Respondents–Appellees, Chevron (Nig.) Ltd. and Chevron Corp., Inc.

Alan J. Pope, Binghamton, N.Y. (John M. Domurad, O'Connor, Gacioch, Pope & Tait, LLP, Binghamton, N.Y., On the Brief), for Respondent–Appellee, Danos and Curole Marine Contractors, Inc.

Before: MESKILL, LEVAL and STRAUB, Circuit Judges.

LEVAL, Circuit Judge:

Baker Marine (Nig.) Ltd. ("Baker Marine") appeals from two judgments of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *District Judge*), in favor of appellees Chevron–Nigeria and Chevron Corporation ("Chevron") and Danos and Curole Marine Contractors, Inc. ("Danos").

## BACKGROUND

Baker Marine, Danos, and Chevron are corporations involved in Nigeria's oil industry. In September 1992, Baker Marine and Danos entered a contract to bid to provide barge services for Chevron. Baker Marine agreed it would provide local support, while Danos agreed it would provide management and technical equipment. The bid by Baker Marine and Danos was successful, and in October 1992, the two companies jointly entered a contract with Chevron to provide barge services.

The contract with Chevron included provisions for the arbitration of disputes which the contract between Baker Marine and Danos incorporated by reference. These provisions stated that "[a]ny dispute, controversy or claim arising out of this Contract, or the breach, termination or validity thereof, shall be finally and conclusively settled by arbitration in accordance with the Arbitration Rules of the United Nations Commission on International Trade Law (UNCITRAL)." Two different clauses further specified that the arbitration "procedure (insofar as not governed by said UNCITRAL rules ... ) shall be governed by the substantive laws of the Federal Republic of Nigeria" and that the contracts "shall be interpreted in accordance with the laws of the Federal Republic of Nigeria." The contracts also provided that "judgment upon the award of the arbitrators may be entered in[ ] any court having jurisdiction thereof," and that the contract and awards under it "shall be governed by the 1958 United Nations Convention on Recognition and Enforcement of Foreign Arbitration Awards ['Convention' or 'New York Convention']." The United States and Nigeria are parties to the Convention, 21 U.S.T. 2517, 330 U.N.T.S. 38, *reprinted at* 9 U.S.C. § 201 note.

Baker Marine charged Chevron and Danos with violating the contracts. Pursuant to those contracts, the parties submitted to arbitration before panels of arbitrators in Lagos, Nigeria. By written decisions of

early 1996, one panel of arbitrators awarded Baker Marine $2.23 million in damages against Danos a second panel awarded Baker Marine $750,000 in damages against Chevron.

Baker Marine promptly sought enforcement of both awards in the Nigerian Federal High Court. Danos and Chevron appealed to the same court to vacate the awards on various grounds. By written opinions of November 1996 and May 1997, the Nigerian court set aside the two arbitration awards. In the Chevron action, the court concluded that the arbitrators had improperly awarded punitive damages, gone beyond the scope of the submissions, incorrectly admitted parole evidence, and made inconsistent awards, among other things. The court found that the Danos award was unsupported by the evidence.

In August 1997, Baker Marine brought these actions in the Northern District of New York seeking confirmation of the awards under the United States law implementing the Convention, chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201–09.[1]

The district court denied Baker Marine's petitions to enforce the arbitral awards, concluding that under the Convention and principles of comity, "it would not be proper to enforce a foreign arbitral award under the Convention when such an award has been set aside by the Nigerian courts." Baker Marine appeals.

■ This dispute falls under the Convention because Baker Marine is seeking enforcement of arbitration awards in a nation other than the nation where the awards were made. *See* Convention, art. I ("This Convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought"). Under American law, when a party brings an action to confirm an arbitration award falling under the Convention, a court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. Article V of the Convention provides that a court may refuse to enforce an arbitration award "only" upon proof of the conditions specified therein. Convention, art. V; *see also Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 20 (2d Cir.1997) (Article V provides exclusive grounds for setting aside an arbitral award), *cert. denied,* —— U.S. ——, 118 S.Ct. 1042, 140 L.Ed.2d 107 (1998). Article V(1)(e) provides that a court may refuse enforcement of an award that "has been set aside or suspended by a competent authority of the country in which, or under the law of which, the award was made." Convention, art. V(1)(e). Baker Marine does not contest that the Nigerian High Court is a competent authority in the country in which, and under the law of which, the award was made. The district court relied on the decision of the Nigerian court and Article V(1)(e) in declining to enforce the award.

■ Baker Marine argues that the district court's ruling failed to give effect to Article VII of the Convention, which provides that the Convention shall not "deprive any interested party of any right he may have to avail himself of an arbitral award in the manner and to the extent allowed by the law or the treaties of the count[r]y where such award is sought to be relied upon." Art. VII(1). Baker Marine contends that the awards were set aside by the Nigerian courts for reasons that would not be recognized under U.S. law as valid grounds for vacating an arbitration award,

---

**1.** Chapter 2 provides that within three years of an arbitration award under the Convention, "any party to the arbitration may apply to any court having jurisdiction ... for an order confirming the award as against any other party to the arbitration." 9 U.S.C § 207. United States district courts have original jurisdiction over actions falling under the Convention. *See* 9 U.S.C. § 203.

and that under Article VII, it may invoke this country's national arbitration law, notwithstanding the action of the Nigerian court.

We reject Baker Marine's argument. It is sufficient answer that the parties contracted in Nigeria that their disputes would be arbitrated under the laws of Nigeria. The governing agreements make no reference whatever to United States law. Nothing suggests that the parties intended United States domestic arbitral law to govern their disputes.[2] The "primary purpose" of the FAA is "ensuring that private agreements to arbitrate are enforced according to their terms." *Volt Information Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989); *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n. 12, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) (the FAA aimed "to make arbitration agreements as enforceable as other contracts, but not more so"). Furthermore Baker Marine has made no contention that the Nigerian courts acted contrary to Nigerian law. *See Yusuf*, 126 F.3d at 21 ("[A] court in the country under whose law the arbitration was conducted [may] apply domestic arbitral law ... to a

motion to set aside or vacate that arbitral award.").

Baker Marine makes a further argument premised on the language of Article V(1)(e) of the Convention. Article V(1)(e) provides that when a party seeks confirmation of an award, "[r]ecognition and enforcement of the award *may* be refused" if the award has been set aside by a competent authority of the country in which the award was made. Baker Marine argues that this use of the permissive "may," rather than a mandatory term, implies that the court might have enforced the awards, notwithstanding the Nigerian judgments vacating them. It is sufficient answer that Baker Marine has shown no adequate reason for refusing to recognize the judgments of the Nigerian court.[3]

Baker Marine also contends that the district court improperly imposed sanctions on it for failing to reveal in its petitions for enforcement of the awards that they had been vacated by the court of Nigeria. The contention is moot.

It is true the court expressed its intention at oral argument to impose sanctions under Rule 11(b), Fed.R.Civ.P., requiring the payment of expenses (not including attorneys fees). However, the judgment

---

2. Furthermore, as a practical matter, mechanical application of domestic arbitral law to foreign awards under the Convention would seriously undermine finality and regularly produce conflicting judgments. If a party whose arbitration award has been vacated at the site of the award can automatically obtain enforcement of the awards under the domestic laws of other nations, a losing party will have every reason to pursue its adversary "with enforcement actions from country to country until a court is found, if any, which grants the enforcement." Albert Jan van den Berg, *The New York Arbitration Convention of 1958: Towards a Uniform Judicial Interpretation* 355 (1981).

3. This case is unlike *In re Chromalloy Aeroservices*, 939 F.Supp. 907 (D.D.C.1996), on which Baker Marine relies. In that case, the government of Egypt had entered a contract with an American company agreeing that disputes would be submitted to arbitration and that the decision of the arbitrator could not

"be made subject to any appeal or other recourse." *Id.* at 912. After the arbitrator entered an award in favor of the American company, the American company applied to the United States courts for confirmation of the award, and the Egyptian government appealed to its own courts, which set aside the award. The district court concluded that Egypt was seeking "to repudiate its solemn promise to abide by the results of the arbitration," and that recognizing the Egyptian judgment would be contrary to the United States policy favoring arbitration. *See id.* at 912, 913.

Unlike the petitioner in *Chromalloy*, Baker Marine is not a United States citizen, and it did not initially seek confirmation of the award in the United States. Furthermore, Chevron and Danos did not violate any promise in appealing the arbitration award within Nigeria. Recognition of the Nigerian judgment in this case does not conflict with United States public policy.

ultimately rendered awarded only statutory costs to be taxed by the Clerk, and made no mention of sanctions or of expenses. Accordingly, we have no reason to consider whether the court might properly have imposed sanctions.

## CONCLUSION

The judgments of the district court declining to enforce the arbitration awards are affirmed. The applications for sanctions are denied.