**Martin I. SPIER, Petitioner,**

v.

**CALZATURIFICIO TECNICA, S.P.A. Respondent.**

**No. 86 Civ. 3447(CSH).**

United States District Court, S.D. New York.

Nov. 29, 1999.

Donald L. Kreindler, Phillips Nizer Benjamin Krim & Ballon LLP, New York City, David R. Foley, Manatt, Phelps & Phillips, LLP, Palo Alto, CA, for defendant.

## MEMORANDUM OPINION AND ORDER ON REARGUMENT

HAIGHT, Senior District Judge.

Petitioner I. Martin Spier moves for reargument of this Court's Opinion dated October 22, 1999 ("the Opinion"), denying his petition to enforce an arbitration award. Familiarity with the Opinion is assumed. For the reasons that follow, Spier's motion for rearguement is denied.

■ On his present motion, Spier invokes Local Civil Rule 6.3. Rule 6.3 requires the moving party to set forth "the matters or controlling decisions which counsel believes the court has overlooked." The substantive requirements of Rule 6.3 are carefully crafted to limit motions for rearguement; they function as a rule of repose. Motions for rearguement "are granted when new facts come to light or when it appears that controlling precedents were overlooked." *Weissman v. Fruchtman,* 658 F.Supp. 547, 548 (S.D.N.Y.1987) (Leisure, *J.*). "The proponent of such a motion is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule 3(j)[1] to advance new facts and theories in response to the court's rulings." *McMahan & Co. v. Donaldson, Lufkin & Jenrette Securities Corp.,* 727 F.Supp. 833 (S.D.N.Y.1989) (Mukasey, *J.*). The purpose of the rule is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Lewis v. New York Telephone,* No. 83 Civ. 7129, 1986 WL 1441 (S.D.N.Y. Jan.29, 1986) (Sweet, *J.*).

■ Spier's motion for rearguement fails to meet these standards. For legal authority, Spier relies principally upon the

---

1. Local Civil Rule 3(j) is the source for pres- ent Rule 6.3. The language did not change.

Second Circuit's decision in *Baker Marine (Nig.) Ltd. v. Chevron (Nig.) Ltd.*, 191 F.3d 194 (2nd Cir.1999). I agree that *Baker* is in large measure a "controlling precedent," but it can hardly be said that the court overlooked it, since the Opinion dealt at length with *Baker* and that decision's consideration of the District of Columbia district court's *Chromalloy* case, upon which Spier also relied on the underlying motion.[2] *See* Opinion at 11–17. Spier does not agree with this Court's reading of *Baker* or its application to the facts of this case. Maybe he is right, in which event the Second Circuit will presumably say so on appeal. But I think the Opinion interpreted and applied *Baker* correctly; and the present motion turns upon Rule 6.3, which is not satisfied by a losing party's renewed, gap-plugging dialogue.

The only other aspect of Spier's motion for reargument requiring comment is his contention that the Opinion overlooked the parties' agreement that "the arbitrators would have unlimited and unappealable powers to settle the disputes between the parties." Petitioner's Brief at 2. Counsel chose those phrases in an effort to make the case at resemble *Chromalloy,* where the underlying contract provided that an arbitral award "shall be final and binding and cannot be made subject to any appeal or other recourse," *see* Opinion at 14, language that I considered in the Opinion at 16: "But I read this footnote in *Baker Marine* to identify as the decisive circumstance Egypt's repudiation of its contractual promise not to appeal an arbitral award."

In the case at bar, however, the adjective "unappealable" is a gloss placed by counsel upon the contract, ostensibly derived from these contractual provisions:

The arbitrators shall decide on the basis of equity as agents of the parties authorized to decide and settle. The parties agree to fully and diligently comply with the arbitrators' award, as if a contractual agreement had been reached between them, also as an understanding on an honor basis, all exceptions barred.

(quoted in Petitioner's Brief at 2). This language (in translation from the Italian original) does not include the explicit renunciation of "any appeal or other recourse" found in *Chromalloy.* I think the contractual language at bar is closer to the common provision in arbitration agreements in English that an arbitral award is "final and binding" on the parties.

 It is well settled that such terms do not nullify statutory grounds for vacating awards, or, by necessary extension, the losing party's right to invoke such grounds. *See, e.g., Iran Aircraft Industries v. Avco Corp.*, 980 F.2d 141, 145 (2d Cir.1992):

The terms "final" and "binding" merely reflect a contractual intent that the issues joined and resolved in the arbitration may not be tried de novo in any court. Furthermore, we have held that even a "final" and "binding" arbitral award is subject to the defenses to enforcement provided for in the New York Convention. Accordingly, the "final and binding" language in the Accords does not bar consideration of the defenses to enforcement provided for in the New York Convention.

(citations omitted). Thus, were the question to fall under United States law, the quoted contractual language would not bar Tecnica's contention, successfully asserted before the Italian courts, that the award in Spier's favor exceeded the arbitrators' powers. But in fact, the Italian courts were competent to consider that threshold issue under Italian law; their decisions nowhere suggest that the contract barred Tecnica from appealing the award to the courts; and Tecnica submits an uncontradicted declaration of its Italian counsel that its action for judicial nullification of the award "cannot be waived by the parties as set forth by Article 829 of the Code of Civil Procedure." Declaration of Tizia-

---

**2.** *In re Chromalloy Aeroservices,* 939 F.Supp. 907 (D.D.C.1996).

na Tampieri, executed on September 18, 1998, at ¶ 7.6.

There is, in short, nothing in the contractual language that satisfies the demanding requirements of Rule 6.3.

Lastly, as Tecnica correctly points out in its opposing brief, Spier's present motion nowhere challenges this Court's alternative holding, namely, that application of domestic United States law (for which Spier contended on the original petition) would have left the award equally vulnerable as being in excess of the arbitrators' powers.

Having considered all Spier's contentions on this motion for rearguement, I deny the motion and adhere to the October 22, 1999 Opinion and Order dismissing the petition.

It is SO ORDERED.