United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51406
Summary Calendar

_____

JOSLYN M. HEARNE,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CV-164
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Joslyn M. Hearne appeals the district court's judgment
affirming the denial by the Commissioner of Social Security
("Commissioner") of Hearne's application for disability insurance
benefits. The Commissioner uses a sequential five-step test to
determine whether a claimant qualifies as "disabled" for purposes
of obtaining disability insurance benefits. See Leggett v.
Chater, 67 F.3d 558, 563 (5th Cir. 1995). In this five-step
inquiry, the Commissioner considers: (1) whether the claimant is
currently engaged in substantial gainful activity; (2) whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the claimant has a severe impairment; (3) whether the impairment is listed, or equivalent to an impairment listed in appendix I of the Social Security regulations; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity. Id. at 563 n.2; see also 20 C.F.R. § 404.1520. The claimant bears the burden of proving disability for the first four steps, and the Commissioner bears the requisite burden in the fifth step. See Leggett, 67 F.3d at 564 & n.11. The Commissioner's decision is given great deference on review and will not be disturbed unless substantial evidence does not exist in the record to support this determination, or an error of law was made. See id. at 564.

Specifically, Hearne asserts that the Administrative Law Judge ("ALJ") erred in relying solely upon the Medical-Vocational Guidelines ("Grid Rules") when determining that the Commissioner met her burden in Step Five, thereby establishing that Hearne was not disabled during the period in question. Hearne's argument that the mere presence of a nonexertional mental impairment prohibited the ALJ's sole reliance upon the Grid Rules lacks merit under this court's precedent. See Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987)(The ALJ may rely exclusively on the Grid Rules if the claimant either suffers only from exertional impairments or his nonexertional impairments do not significantly affect his residual functional capacity).

Hearne also contends that the ALJ's finding that Hearne's depression, by itself as well as in conjunction with her physical impairments, constituted a "severe" impairment at Step Two precluded the ALJ from relying solely upon the Grid Rules in Step Five. This court's holding in Loza v. Apfel, 219 F.3d 378, 391, 398-99 (5th Cir. 2000), supports Hearne's contention. In Loza, this court linked the definition of a "severe" impairment at Step Two to the determination of whether a claimant's nonexertional impairments significantly affected his residual functional capacity such that reliance solely upon the Grid Rules at Step Five would be inappropriate.

As the ALJ's sole reliance upon the Grid Rules for purposes of satisfying the Commissioner's burden at Step Five was erroneous, the ALJ's finding that Hearne was not entitled to disability insurance benefits was not supported by substantial evidence. See Ferguson v. Schweiker, 641 F.2d 243, 247-48 (5th Cir. 1981), overruled on other grounds, Johnson v. Heckler, 767 F.2d 180, 183 (5th Cir. 1985). Accordingly, the district court's judgment is VACATED and the case is REMANDED to the district court with instructions to return the case to the Commissioner for further proceedings in accordance with this opinion.[*]

---

[*]It is not clear if the ALJ determined that Hearne was able to perform the full range of unskilled, sedentary work or if Hearne was limited to unskilled, sedentary work that involved only simple repetitive tasks. In further proceedings, the Commissioner should include a determination as to whether Hearne's residual functional capacity permits her to perform the full range of unskilled sedentary work.