United States Court of Appeals
Fifth Circuit

**F I L E D**

July 9, 2007

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 07-30071
Summary Calendar

_____

PHIL H. WHITE, JR.,

Plaintiff-Appellant,

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Western District of Louisiana
m 6:05-CV-272

_____

Before SMITH, WIENER, and OWEN,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Phil White filed an application for disability

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

benefits on account of chronic back pain and headaches. After a hearing, his claim was denied based on a finding by the administrative law judge ("ALJ") that there existed substantial work in the national economy that White could perform. White appeals, and we affirm.

I.

Between February and April 2000, White sustained injuries in several motor vehicle

accidents. As a consequence, he suffers from degenerative disc disease, back pain syndrome, and a meniscal tear of his left knee.

White filed an application for title II disability benefits, alleging that his injuries prevented him from working. The state agency reviewed his claim and denied benefits based on a finding that he could perform his past work as a security officer as it is normally performed in the national economy. White appealed the denial and received a hearing before an ALJ.

The ALJ found the presence of severe, significantly limiting impairments, but concluded that the impairments do not meet the requirements of any impairment listed in the regulations for presumptive disability. The ALJ considered White's residual functional capacity, and after assuming that he was restricted to a degree, found that White could perform "essentially a full range of light work." The ALJ turned to the Medical-Vocational Guidelines and found a framework such that "considering the claimant's residual functional capacity, age, education, and work experience, he is not disabled." After unsuccessful appeals to the appeals council and the district court, White initiated this appeal to challenge the denial of benefits.

## II.

The Commissioner conducts a five-step sequential analysis in evaluating a disability claim, see *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994), and determines whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. See *id.* A finding that a claimant is not disabled at any point in the five-step process terminates the inquiry. See *Crouchet v. Sullivan*, 885 F.2d 202, 206 (5th Cir. 1989).[1] Title 42 U.S.C. § 423(d)(1)(A) defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ."

Our review is limited to determining whether substantial evidence in the record supports the Commissioner's decision to deny benefits and whether the Commissioner applied the proper legal standards.[2] Substantial evidence must be "relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance."[3]

We may not reweigh the record evidence, try the issues *de novo*, or substitute our judgment for that of the Commissioner. See *Johnson*, 864 F.2d at 343. If, under these criteria, substantial evidence supports such findings, they are conclusive. See 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401

---

[1] At the first four steps of the analysis, the claimant bears the burden of showing he is disabled. *See Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). On the fifth, the Commissioner must show that there is other, substantial work in the national economy that the claimant can perform. *See id.*

[2] *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1998).

[3] *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (citing *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)).

(1971).

### III.

The Commissioner can meet his step five burden by demonstrating that "the claimant can perform other substantial work in the national economy." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). White asserts that the ALJ erred by relying solely on the Medical-Vocational Guidelines ("Grid Rules") to find that the Commissioner had met his burden at step five and that White was not disabled. White argues that he suffers from significant non-exertional impairmentsSSpain-producing conditionsSSsuch that reliance solely on the Grid Rules was impermissible.[4] If so, the ALJ's decision at step five would be unsupported by substantial evidence, because the Commissioner would have failed to provide evidence of the existence of sufficient work for a person with White's residual functional capacity in the national economy.

Based on a review of the record, the ALJ relied solely on the Grid Rules in determining that White could find work in the national economy and was not disabled. The vocational expert who testified did not address the existence of substantial work except to say

---

[4] *See Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999) ("Use of the 'Grid Rules' is appropriate when it is established that a claimant suffers only from exertional impairments, or that the claimant's nonexertional impairments do not significantly affect his residual functional capacity."); *Loza v. Apfel*, 219 F.3d 378, 399 (5th Cir. 2000) ("[I]f it should be determined on remand that [claimant's] non-exertional mental impairments during the period of disability were not merely a slight abnormality of minimal effect on ability to work, the ALJ's reliance on the Grid Rules at the fifth level also constitutes error and must be reconsidered.").

that if White's testimony were found credible there would be no job he could perform on a full-time sustained basis.

Because the Commissioner did not bring forth additional evidence at step five, our review focuses solely on whether bare application of the Grid Rules to meet the Commissioner's step five burden was permissible. In other words, the issue is whether there was substantial evidence that White did not suffer from significant non-exertional impairments which would render use of the Grid Rules improper.

The mere existence of pain does not prohibit reliance on the Grid Rules where the ALJ finds that the pain will not significantly compromise a claimant's capacity for a full range of work. *See Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). The ALJ discredited White's testimony, and found that he could perform "essentially a full range of light work." That finding is supported by substantial evidence.

At step two, the ALJ found that White suffered the following severe impairments: severe degenerative disc disease, post-traumatic back pain syndrome, cervical strain/sprain, and a meniscal tear in the left knee. Although White alleges that these are "pain-producing impairments," the ALJ considered White's testimony about pain and found that "claimant's allegations as to the severity of his impairments, pain, and functional limitations are not consistent with the medical evidence."

As elaborated by the district court, the medical records are inconsistent with White's report of severe pain requiring bed rest; not a single record indicated such a debilitating condition. The ALJ considered the effect of

pain on White's ability to work, then concluded that he was able to perform a full range of light work. Where the medical evidence is inconclusive, an ALJ has discretion to consider the disabling nature of pain. *See Cook v. Heckler*, 750 F.2d 391, 395 (5th Cir. 1985). The ALJ's finding that pain did not prevent White from performing a full range of light work is supported by substantial evidence.

An ALJ's finding of a severe non-exertional impairment at step two precludes the ALJ from relying solely on the Grid Rules at step five.[5] The ALJ determined, however, that White's severe disc problems prevented him from lifting heavy objects or sitting and standing for prolonged periods of time. These are exertional limitations, fully consistent with application of the Grid Rules.

Because the ALJ reasonably found that White did not suffer from significant non-exertional impairments, his reliance on the Grid Rules at step five was proper. The judgment is AFFIRMED.

---

[5] *See, e.g., Hearne v. Barnhart*, 111 Fed. Appx. 256, 257-58 (5th Cir. 2004) (holding that a finding of severe depression prevented application of the Grid Rules alone to satisfy the Commissioner's step five burden).