United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-50960
Summary Calendar

---

JAMES R. DUNBAR,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. SA-01-CV-1133-EP)

_____

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We affirm for the following reasons:

1.  We essentially agree with the analysis offered in the magistrate judge's

memorandum and recommendation and the district court's order accepting the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

magistrate's recommendation.

2. The Commissioner's decision that appellant Dunbar was not disabled is supported by substantial evidence. The Commissioner applied the proper legal standards in making this determination.

3. We do not understand Watson v. Barnhart, 288 F.3d 212 (5th Cir. 2002), to require an explicit finding in every case that the claimant can not only engage in substantial gainful activity but maintain that employment as well. Here, the administrative law judge (ALJ) concluded that Dunbar was not disabled based on a determination of his residual functional capacity, or RFC. The ALJ cited the regulation describing RFC, 20 C.F.R. § 404.1545 (2002), as well as a Social Security Ruling, SSR 96-8p (1996), both of which make clear that RFC is a measure of the claimant's capacity to perform work "on a regular and continuing basis." The ALJ further found, after hearing the testimony of a vocational expert, that Dunbar "was capable of making a successful adjustment to work that exists in significant numbers in the national economy." In these circumstances, and absent evidence that a claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of RFC, we do not read Watson to require a specific finding that the claimant can maintain employment. See Frank v. Barnhart, 2003 WL 1534379, at *1 (5th Cir. March 25, 2003) (on petition for rehearing) ("Watson requires a situation in which, by its nature, the

2

claimant's physical ailment waxes and wanes in it manifestation of disabling symptoms.").

4.  The ALJ did not err in failing to consider Dunbar's cardiac condition.  The ALJ did consider this condition but properly held that it was not disabling.  The ALJ noted that Dunbar had suffered an infarction, but that medical evidence indicated that this event was due to blood loss on one occasion, and that a cardiac specialist had released Dunbar to return to his usual work shortly thereafter.

5.  The ALJ did not err in discounting Dunbar's subjective complaints of pain as inconsistent with other evidence in the record, including the findings of physicians.  "The ALJ must consider subjective evidence of pain, but it is within his discretion to determine the pain's disabling nature."  Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted).

AFFIRMED.

3