**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 26, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 03-51384
Summary Calendar

—————————————

CHARLES IRWIN,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-362-AA
---------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:*

Charles Irwin appeals the district court's judgment affirming the denial of his applications for Supplemental Security Income and Social Security Disability benefits. He argues that the disability decision was not supported by substantial evidence, the administrative law judge ("ALJ") used improper criteria to assess his credibility, and the ALJ

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was required to address whether he can maintain gainful work activity.

We hold that the disability determination was supported by substantial evidence. See Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). In so holding, we determine that the record supports the ALJ's characterization of Irwin's allegations of disabling pain as not credible, we hold harmless the ALJ's failure to evaluate the opinion of the physician who treated Irwin for his low back pain, and we conclude that the ALJ adequately incorporated all of Irwin's disabilities in posing the hypothetical question to the vocational expert. See Wren v. Sullivan, 925 F.2d 123, 128-29 (5th Cir. 1991); Morris v. Bowen, 864 F.2d 333, 336 (5th Cir. 1988); Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001).

Finally, the evidence did not show that Irwin's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, and there is no indication that the ALJ did not understand that an ability to maintain employment is inherent in the definition of residual functional capacity. See Dunbar v. Barnhart, 330 F.3d 670, 672 (5th Cir. 2003). Consequently, the ALJ was not required to make a specific finding with regard to Irwin's ability to maintain employment. See id.

AFFIRMED.