United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51346
Summary Calendar
_____

ELIJAH LANG,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CV-258
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Elijah Lang appeals the affirmance of the Commissioner's

denial of his application for disability insurance benefits under

42 U.S.C. § 405. He argues that the disability decision was not

supported by substantial evidence and was not made under the

proper legal standards, that the administrative law judge (ALJ)

used improper criteria to assess his credibility, that the

magistrate judge erred in its review of the administrative

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record, and that the ALJ was required to address whether he could maintain gainful work activity.

We hold that the disability determination was supported by substantial evidence and was made under the proper legal standards. See Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). In so holding, we determine that the record supports the ALJ's rejection of portions of the treating physician's evaluation, the ALJ's determination of Lang's residual functional capacity, and the ALJ's characterization of Lang's allegations of disabling pain as not credible; and we conclude that the ALJ adequately incorporated all of Lang's disabilities in posing the hypothetical question to the vocational expert. See Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001); Spellman v. Shalala, 1 F.3d 357, 364-65 (5th Cir. 1993); Wren v. Sullivan, 925 F.2d 123, 128-29 (5th Cir. 1991).

Lang has not established that any error committed by the magistrate judge constitutes reversible error. This court reviews the Commissioner's decision for propriety. See Ripley, 67 F.3d at 555.

Finally, the evidence did not show that Lang's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, and there is no indication that the ALJ did not understand that an ability to maintain employment is inherent in the definition of residual functional capacity. See Dunbar v. Barnhart, 330 F.3d 670, 672

(5th Cir. 2003). Consequently, the ALJ was not required to make a specific finding with regard to Lang's ability to maintain employment. See Dunbar, 330 F.3d at 672.

AFFIRMED.