United States Court of Appeals
Fifth Circuit

**F I L E D**

September 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30197
Summary Calendar

SHAWANNA DOMINGUE,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1527
--------------------

Before REAVLEY, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Shawanna Domingue appeals from the district court's judgment affirming the denial of her application for Child Disability Benefits and Supplemental Security Income. Domingue argues that the administrative law judge (ALJ) failed to articulate the proper standard under Loza v. Apfel, 219 F.3d 378, 391-92 (5th Cir. 2000), when the ALJ determined that Domingue's alleged depression was not a severe impairment. Domingue also contends that the district court erred by not addressing two of her claims.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The ALJ did not misapply the standard for identifying a non-severe impairment because the ALJ concluded that the alleged depression was no impairment at all.  The ALJ's conclusion is fully supported by substantial evidence in the record.  At the administrative level Domingue did not contend that depression was an impairment, and, in the courts, she pointed to no evidence indicating that her alleged depression affected her ability to work.  See Pierre v. Sullivan, 884 F.2d 799, 803 (5th Cir. 1989) ("isolated comments" about claimant's intellectual functioning, viewed within whole record, were insufficient to raise suspicion of mental retardation); Shave v. Apfel, 238 F.3d 592, 596 (5th Cir. 2001) (no evidence that an alleged impairment precluded employment).

Domingue is correct that the district court failed to address two of her claims.  However, remand is unnecessary because this court reviews the record under the same standard as the district court, and the record contains substantial evidence to support the ALJ's conclusion.  See Martinez v. Chater, 64 F.3d 172, 173 (5th Cir. 1995) (avoiding remand and affirming where there was "substantial evidence in the record to support the Commissioner's decision").

The record reveals substantial evidence that Domingue's intellectual functioning was "borderline" and did not fit within the listed impairment of mental retardation combined with other impairments as provided by 20 C.F.R. § 404, Subpt. P., App. 1, § 12.05(C).  In addition, the ALJ posited an adequate hypothetical question to the vocational expert, taking into

account all the restrictions reasonably warranted by the evidence, and properly relied on the vocational expert's testimony that Domingue is able to perform work in the national economy.  See Morris v. Bowen, 864 F.2d 333, 336 (5th Cir. 1988).

The judgment of the district court is

AFFIRMED.