United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-50814
Summary Calendar

———————————

GWENDOLYN DOSS,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CV-492-AA
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Gwendolyn Doss appeals the district court's decision
affirming the Commissioner's denial of social security disability
benefits.  Doss argues that the Commissioner's decision is not
supported by substantial evidence.  The decision of the
Administrative Law Judge (ALJ) that Doss has the residual
functional capacity to perform sedentary work and that she is not
disabled within the meaning of the Social Security Act is
supported by substantial evidence, including the objective

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical evidence, the opinions of Doss's treating physicians, the opinions of the medical consultants and experts, the opinion of the vocational expert, and Doss's testimony concerning her daily activities. See Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

Doss argues that the ALJ did not address the impact of her depression on her residual functional capacity to work. The record indicates that the ALJ considered all the objective medical evidence presented by Doss, which included notations from some of her physicians that she suffered from depression. However, the ALJ determined that Doss did not have a longitudinal history of depression and had not been diagnosed with depression by a psychologist or a psychiatrist. Doss was advised to follow up with her treating physician concerning her depression. Although Doss reported that she was depressed to her physician, she apparently did not seek treatment or medication for her depression. Doss's failure to seek treatment for depression is an indication of nondisability. See Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990).

Doss argues that the ALJ failed to evaluate properly her complaints of pain. The ALJ considered Doss's testimony that she suffered from disabling pain, but determined that the objective medical evidence did not support her allegations or show that she suffered from disabling pain that is "'constant, unremitting, and

wholly unresponsive to therapeutic treatment.'" See Falco v. Shalala, 27 F.3d 160, 163 (5th Cir. 1994).

Doss argues that the ALJ did not consider the impact of her obesity on her ability to perform sedentary work and asks the court to remand the case to allow the ALJ an opportunity to ask the medical expert more questions concerning her obesity. Doss did not allege on the administrative level or in the district court that she was disabled due to her obesity. She may not raise new arguments for the first time on appeal. See Greenberg v. Crossroads Systems, Inc., 364 F.3d 657, 669 (5th Cir. 2004). Nonetheless, the ALJ considered the objective medical evidence, including notations of her physicians that she was obese and that her obesity contributed to her medical problems. Therefore, the record indicates that ALJ did consider the impact of Doss's obesity on her ability to perform sedentary work.

Doss argues that the ALJ failed to determine whether she was able to maintain employment. The ALJ's determination that Doss had the residual functional capacity to perform sedentary work is a determination that she is able to sustain work-related activities on a "regular and continuing basis," meaning "8 hours a day for 5 days a week." See Social Security Ruling 96-8p (July 2, 1996); 20 C.F.R. §§ 404.1545, 416.945. The ALJ is not required to make a separate determination that a claimant can maintain employment in every case. See Dunbar v. Barnhart, 330

F.3d 670, 672 (5th Cir. 2003); see also Frank v. Barnhart, 326 F.3d 618, 621 (5th Cir. 2003).

AFFIRMED.