United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-50639
Summary Calendar

PEDRO CASTILLO,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant-Appellee

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 1:04-CV-43)
_____

Before REAVLEY, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:*

Reviewing under the same standard as the district court, we affirm the ALJ's final

decision denying Mr. Castillo's claim for disability insurance benefits under sections

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

216(i) and 223 of Title II of the Social Security Act, (42 U.S.C. § 401 et seq.) for the following reasons:

1. We find there is substantial evidence of record supporting the ALJ's determination that Mr. Castillo is not disabled within the meaning of the Act. No treating, examining, or evaluating physician has indicated that Mr. Castillo was unable or is expected to be unable to work for twelve consecutive months.

2. We further find that the ALJ's decision comports with the legal standards for disability determination set forth by this Court under the Act and relevant regulations, including our opinion in Watson v. Barnhart, 288 F.3d 212 (5th Cir. 2002).

3. We find the ALJ properly considered the disabling effect of each of Mr. Castillo's raised impairments as well as the combined effect of such impairments in reaching a disability determination. Fraga v. Bowen, 810 F.2d 1296, 1305 (5th Cir. 1987). That the ALJ did not specifically cite each and every piece of medical evidence considered does not establish an actual failure to consider the evidence. See Falco v. Shalala, 27 F.3d 160, 163 (5th Cir. 1994) (rejecting as unnecessary rule requiring ALJ to specifically articulate evidence that supported decision and discuss evidence that was rejected).

The ALJ's decision indicates that he properly considered, referenced, and balanced the psychological evaluations of Mr. Castillo, including the opinions of Drs. Aitcheson and Dubin. The ALJ did not err by giving little weight to the opinion of chiropractor Dr. Steve Minors, regarding Mr. Castillo's mental and emotional condition. Chiropractors are not mental health specialists and the relevant regulations accord less weight to chiropractors than to medical doctors. 20 C.F.R. § 404.1513(d)(1), -.1527(d)(5); Griego v. Sullivan, 940 F.2d 942, 945 (5th Cir. 1991) Further, there is no evidence in the record to suggest that Mr. Castillo's moderate depression and anxiety have in the past, or should be expected in the future, to interfere with his ability to work.

4. The ALJ's decision reflects that he properly considered the credibility of Mr. Castillo's testimony. The ALJ discounted Mr. Castillo's complaints based on evidence that he takes only over-the-counter pain medications, does not attend ongoing routine medical visits, has not required recent physical therapy, has been treated conservatively, and is able to independently care for himself and perform household chores and repairs. The ALJ additionally notes that examinations have revealed no neurological defect and that Mr. Castillo has been released to work by more than one doctor on more than one occasion. The ALJ reasonably concluded that the

3

medical evidence and other evidence as a whole does not indicate that Mr. Castillo's ability to perform basic work activities is as limited as he asserts.

5. We have specifically rejected the contention that, under Watson, the ALJ must in every decision articulate a separate and explicit finding that a claimant can maintain a job on a sustained basis. Frank v. Barnhart, 326 F.3d 618, 619 (5th Cir. 2003); Perez v. Barnhart, 415 F.3d 457, 465 (5th Cir. 2005). Usually, the issue of whether a claimant can maintain employment for a significant period of time will be subsumed in the analysis regarding the claimant's ability to obtain employment. Frank at 619. Watson requires a situation in which, by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms. Id. "Absent evidence that a claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of RFC [residual functional capacity]," a separate finding regarding an ability to maintain employment is not required. Dunbar v. Barnhart, 330 F.3d 670, 672 (5th Cir. 2003).

Mr. Castillo has not presented any evidence indicating that he could work temporarily at a particular level of exertion but could not sustain work at that level. Nor has he offered any evidence that his condition "waxes and

4

wanes" in frequency or intensity such that his ability to maintain employment was not adequately taken into account in his residual functional capacity determination.  <u>Perez</u> at 466.

Affirmed.