United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-50722

Summary Calendar

Christina Palomo

Plaintiff-Appellant,

versus

Jo Anne B. Barnhart,
Commissioner of Social Security Administration

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas

( 5:04-CV-326 )

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Christina Palomo appeals an order of the United States District Court affirming the final decision of the Commissioner of the Social Security Administration, Jo Anne B. Barnhart ("Commissioner"), that Palomo was not entitled to disability income benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1382c. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I

On June 21, 2001, Christina Palomo, then a 20-year old female with a ninth grade education and vocational experience as a fast-food worker, alleged disability beginning on June 21, 1999, due to high blood pressure, pseudotumor cerebri, asthma, obesity, Bell's palsy, and headaches. Following the five-step analysis pursuant to 20 C.F.R. §§ 404.1520(b-f) & 416.920(b-f), the ALJ weighed several doctors' diagnoses, assessed Palomo's work history and residual functional capacity ("RFC"), and considered testimony from a vocational expert. The ALJ concluded that Palomo was capable of performing a significant range of sedentary work. Thus, the ALJ concluded that Palomo was not "disabled" under the Social Security Act. The Appeals Council denied Palomo's request for review, making the determination of the ALJ the final decision of the Commissioner.

Pursuant to 42 U.S.C. § 205, Palomo sought review of the Commissioner's decision in the United States District Court for the Western District of Texas. The district court referred the matter to a magistrate, who recommended that the Commissioner's decision be affirmed. After Palomo filed objections, the district court entered an order adopting the magistrate's recommendation. Palomo timely filed a notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II

Our review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were applied.[1] Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion.[2] "It must be more than a scintilla, but it need not be a preponderance."[3] Any findings of fact by the Commissioner supported by substantial evidence are conclusive.[4] We "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision."[5]

Palomo attacks the Commissioner's decision on a number of grounds, none of them with merit. First, Palomo argues that the ALJ erred by failing to give proper consideration to the opinions of her treating physicians. Second, Palomo argues that the ALJ erred by failing to consider her mental and educational limitations, as reported by Lester Harrell, Ph.D. Third, Palomo argues that the ALJ erred by failing to give a proper rationale for his credibility evaluation. Fourth, Palomo argues that the ALJ erred in finding that she had a high school education. Fifth,

---

[1]*See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

[2]*See Richardson v. Perales*, 402 U.S. 389, 401 (1979).

[3]*Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[4]42 U.S.C. § 205(g).

[5]*Leggett*, 67 F.3d at 564.

Palomo argues that the ALJ incorrectly allocated the burden of proof. We consider each argument in turn.[6]

<u>A</u>

Palomo argues that the ALJ failed to give greater weight to the opinions of her treating physicians. We conclude that the ALJ's findings are supported by substantial evidence. The ultimate determination of disability is reserved for the Commissioner,[7] and an ALJ must take into consideration all of the evidence from the claimant's treating physicians.[8] In order to discredit evidence from a treating physician, the ALJ must present good cause.[9] An ALJ may diminish the weight of a treating physician's opinion when it is unsupported by the evidence.[10]

Here, the ALJ properly discounted the opinions of Robert Shumaker, M.D., and Antonio Guerra, M.D. Although both Dr. Shumaker and Dr. Guerra initially reported that Palomo was disabled, each subsequently provided reports contradicting their

---

[6]Palomo presents two additional arguments on appeal. First, Palomo argues that the severity of her impairment "waxes and wanes," which renders her unable to maintain employment. *See Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003). Second, Palomo argues that the ALJ's RFC assessment is deficient because it did not include limitations due to blurred vision and headaches. Since neither argument was presented to the ALJ or to the district court, we decline to consider them for the first time on appeal. *Greenberg v. Crossroads Systems, Inc.*, 364 F.3d 657, 669 (5th Cir. 2004).

[7]*See Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990).

[8]*See Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001).

[9]*Id.*

[10]*Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001); *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000).

4

initial assessment.  Dr. Shumaker stated that Palomo could lift and carry less than ten pounds, and stand and walk for at least two hours of an eight-hour workday; Dr. Guerra stated that Palomo could lift and carry six-to-ten pounds, stand and walk two-to-four hours per workday, and sit four-to-six hours per workday.  Moreover, Dr. Guerra stated that Palomo was able to perform her past relevant work as a drive-through cashier at a fast-food restaurant.  The inconsistency in the treating physicians' reports provides good cause for not giving their testimony greater weight.

These findings are consistent with the evidence presented at the hearing before the ALJ by Michael Perkins, M.D.  Specifically, Dr. Perkins testified that Palomo retained the functional capacity to occasionally lift twenty pounds, frequently lift ten pounds, stand and walk at least two hours per workday, and sit six hours per workday.  Dr. Perkins's testimony provides substantial evidence to support the ALJ's determination that Palomo retained the residual functional capacity for a wide range of sedentary work. We find no error in the ALJ's analysis.

<u>B</u>

Second, Palomo argues that the ALJ failed to consider the mental and educational limitations reported by Lester Harrell, Ph.D.  Specifically, Dr. Harrell found that Palomo was functioning in the borderline range of intellectual functioning and that she had a sixth-grade spelling level and fifth-grade reading level.

5

We conclude that the ALJ properly considered this evidence. The ALJ specifically noted that Palomo's intellectual functioning was in the borderline range.  Furthermore, the ALJ stated that this level of functioning would not preclude Palomo from performing unskilled work activity, which requires little or no judgment and involves simple tasks that can be learned on the job in a short period of time.  Moreover, Dr. Harrell never testified that Palomo was unable to perform unskilled work, which does not require academic skills or vocational preparation.  We find no error in the ALJ's analysis.

<u>C</u>

Third, Palomo argues that the ALJ failed to provide a proper rationale for its finding that her subjective complaints were not entirely credible.  We defer to the ALJ's findings, as it has the responsibility to resolve questions of credibility.[11]  A claimant's subjective complaints must be corroborated, at least in part, by objective medical evidence.[12]

As the magistrate reported, the ALJ thoroughly discussed the medical records which included extensive information on Palomo's complaints, impairments, aggravating factors, and treatment.  Here,

---

[11]*See Dunbar v. Barnhart*, 330 F.3d 670, 671 (5th Cir. 2003); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).  In assessing credibility, we have stated that "[s]ubjective evidence need not take precedence over objective evidence."  *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1994).

[12]*See Wren v. Sullivan*, 925 F.2d 123, 128-29 (5th Cir. 19991); see a*lso* 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 416.908 (same).

the ALJ found that Palomo's physical examinations were essentially normal and that Palomo's symptoms were reasonably well-controlled with medication, even during two pregnancies. Moreover, the ALJ noted gaps in Palomo's medical treatment from March 2000 to September 2000 and from December 2001 to January 2003. On this evidence, we find that the ALJ could have reasonably concluded that Palomo's symptoms were not as severe as she alleged. Thus, the ALJ's findings are supported by substantial evidence.

D

Fourth, Palomo asserts that the ALJ erred in finding that she had a high school education when, in fact, she had only completed the ninth grade. At most, this error is harmless.[13] The social security regulations consider a ninth-grade education to be a "limited education," which allows the person to perform unskilled work.[14] Here, the ALJ considered evidence from a vocational expert that identified unskilled jobs that were within Palomo's residual functional capacity. Moreover, Palomo has failed to show that her ninth grade education would prevent her from performing the unskilled work identified by the vocational expert and adopted by

---

[13]*See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("Procedural perfection in administrative proceedings is not required."); *see also Morris v. Bowen*, 864 F.2d 333, 335-36 (5th Cir. 1988) (applying harmless error standard in social security case).

[14]*See* 20 C.F.R. § 404.1564(b)(3) ("We generally consider that a 7th grade through the 11th grade level of formal education is a limited education."); *see also* 20 C.F.R. § 416.964(b)(3) (same).

7

the ALJ. Thus, Palomo cannot show that the ALJ's error affected her substantial rights.

E

Fifth, Palomo contends that the ALJ and the district court erroneously placed the burden of proof on Palomo to show that she was not able to perform the work identified by the vocational expert. Palomo asserts that she is only required to show that she cannot perform her past relevant work. We disagree. Under the fifth-step of the evaluation process, the Commission bears the burden of showing that there exists work in significant numbers in the national economy that the claimant can perform.[15] Once such jobs are identified, the burden shifts back to the claimant to rebut this finding.[16] The ALJ followed this burden-shifting approach, and we reject Palomo's contention to the contrary.

**III**

For the foregoing reasons, the Commissioner's final decision denying Palomo's claim for benefits under the Social Security Act is AFFIRMED.

---

[15]*See Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).

[16]*See id.; Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (holding that claimant failed to meet her burden of proof under disability test where she offered no evidence that she was incapable of performing the type of work that the ALJ determined was available).