United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

))))))))))))))))))))))))))))

No. 04-50889
Summary Calendar

))))))))))))))))))))))))))))

Mary Halley,

                    Plaintiff-Appellant,

        v.

Jo Anne B. Barnhart,
Commissioner of Social Security,

                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Mary Halley seeks reversal of the district court's order affirming the decision of the Administrative Law Judge (ALJ), who denied Halley Supplemental Security Income (SSI) benefits.  On remand from the Appeals Council, the ALJ found that Halley was not disabled within the meaning of the Social Security Act.  The district court affirmed.

----

    [*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Our review is limited to two questions: (1) whether the final decision is supported by substantial evidence, and (2) whether proper legal standards were used to evaluate the evidence. <u>Watson v. Barnhart</u>, 288 F.3d 212, 215 (5th Cir. 2002)(citing <u>Brown v. Apfel</u>, 192 F.3d 492, 496 (5th Cir. 1999)).

I.    <u>The ALJ Had Substantial Evidence to Support Its Conclusion</u>

Substantial evidence "is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Id</u>. (citing <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)). Although we carefully examine the record, it is the Commissioner's role to weigh the evidence. <u>Brown</u>, 192 F.3d at 496.

Halley disputes that the ALJ had sufficient evidence to support its conclusion that she had the residual functional capacity to perform light work as a sales person. Specifically, she points to the determinations of treating physician Dr. Darren Geyer and the comments of vocational experts that someone could not keep a job if they were absent approximately eight times per month. But, as the district court noted, there is no evidence that the restrictions outlined by Dr. Geyer applied during the period of coverage.[1] The ALJ doubted the credibility of Halley's

---

[1] Moreover, while Dr. Geyer characterized Halley's panic attacks as severe in his report, he identified her physical pain as moderate. Even if the report did relate to Halley's coverage period, it is unclear that this characterization, coupled with

2

account of her limitations; and it evaluated her disability status based on its understanding of her actual condition. In doing, it considered the testimony of two evaluating medical witnesses and relied on testimony from two vocational experts that someone with Halley's limitations could perform the light semi-skilled work of a sales clerk. Thus, the ALJ relied on substantial evidence.

II.  The ALJ Applied the Proper Legal Standard

Halley argues that the ALJ applied an improper legal standard in three ways. First, Halley contends that the ALJ erred by failing to support its credibility assessment with specific facts. The ALJ mentioned that it found no evidence of allegedly frequent seizures, lost hearing or constant pain, though it did find evidence of bleeding ulcers. Based on this, it did "not find the claimant's statements regarding severe limitations in her activities of daily living or her inability to perform any work activity to be credible." The ALJ also relied on a medical expert's testimony that the level of psychological distress described by Halley was not equivalent to an impairment as required by Social Security Administration Regulations.

Second, Halley asserts that the ALJ applied an improper legal standard by failing to give proper weight to Dr. Geyer's assessment, as treating physician. However, the doctor's

_____

his assessments on Halley's mobility limitations, would prevent the ALJ from determining that Halley was not disabled.

3

evaluation related to a period after March 31, 2000, the end of Halley's coverage period.  It did not describe Halley's condition during the relevant time-frame.  Both examining physicians who did address the coverage period, Drs. Margaret Sedberry and Sam Benbow, concluded that Halley did not have severe limitations.

Third, Halley argues that the ALJ erred in failing to address Halley's ability to maintain employment.  "[A]bsent evidence that a claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter," the ALJ need not make a specific finding that claimant can maintain employment.  Dunbar v. Barnhart, 330 F.3d 670, 672 (5th Cir. 2003).  As in Dunbar, here the ALJ concluded that Halley had the residual functional capacity to perform relevant past work.  In Watson v. Barnhart, the case establishing the necessity of examining ability to maintain-rather than obtain-employment, the claimant lost movement in his legs on a periodic basis.  288 F.3d 212, 218 (5th Cir. 2003).  As the district court here noted, no treating or consulting physician pronounced Halley unable to work because of her impairments.  Halley's migraine headaches and panic disorder are unlike the claimant's loss of movement in Watson because they do not prevent her from working.  See Frank v. Barnhart, 326 F.3d 618, 619 (5th Cir. 2003)("[I]n order to support a finding of disability, the claimant's intermittently recurring symptoms must be of sufficient frequency or severity to prevent the claiming from

4

holding a job for a significant period of time."). In assessing Halley's claim, the ALJ applied the proper legal standards.

III. Conclusion

For the reasons above, we affirm the judgment of the district court.

AFFIRMED.