United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51133
Summary Calendar

PHILLIP L. STEPHENS,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-24
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

    Phillip L. Stephens appeals the district court's judgment in this 42 U.S.C. § 405(g) action upholding the administrative law judge's (ALJ) decision denying him disability benefits and social security income. This court reviews the decision "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000).

--------

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stephens contends that the ALJ's decision is not supported by substantial evidence. He argues that the ALJ erred by refusing to give substantial weight to the assessments of Dr. Raymond Henke. Stephens submits that Dr. Henke's findings were deserving of substantial weight because they were based, in part, on an objective test, the Minnesota Multiphasic Personality Inventory.

The medical expert and the ALJ noted that Dr. Henke's ratings of Stephens's mental ability to perform work-related activities assessments conflicted with other evidence of record. "[T]he ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." Loza v. Apfel, 219 F.3d 378, 393 (5th Cir. 2000) (citation omitted). "[C]onflicts in the evidence, including the medical evidence, are to be resolved, not by a reviewing court, but by the ALJ." Carry v. Heckler, 750 F.2d 479, 482 (5th Cir. 1985). The ALJ's determination that Dr. Henke's assessments should not be given substantial weight was based on a consideration of all the evidence and thus will not be overturned. See id.

Stephens argues that he met the requirements for a listed impairment, specifically, an affective disorder under listing 12.04. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. "[T]he required level of severity [for listing 12.04] is met when the requirements in both [subsections] A and B are satisfied." Boyd

v. Apfel, 239 F.3d 698, 703 n.8 (5th Cir. 2001) (internal quotation marks omitted).

Subsection B requires the claimant to show that his activities have been impaired in at least two of four areas. Stephens contends that he satisfies the requirements of two of the areas of subsection B based on the testimony of the medical expert. The ALJ, however, disagreed with the medical expert's opinion that Stephens suffered from a marked limitation in social functioning. The ALJ's determination that Stephens did not suffer from a marked limitation in social functioning was based on substantial evidence. See Carry, 750 F.2d at 482. Stephens has not shown that the ALJ erred in determining that he did not meet or equal a listed impairment. See Boyd, 239 F.3d at 703 n.8.

Stephens contends that the ALJ erred in failing to incorporate several of Dr. Henke's ratings into his determination of Stephens's residual functional capacity (RFC). As discussed above, the ALJ did not err in refusing to give substantial weight to Dr. Henke's assessments. The ALJ's RFC determination gave proper consideration to the opinions of state agency medical consultants. See 20 C.F.R. § 404.1527(f)(2)(i). The ALJ's RFC determination is supported by substantial evidence. See Carry, 750 F.2d at 482.

Stephens also argues that the ALJ erred by failing to determine whether he would be able to maintain employment over a

significant period of time.  Stephens has not shown that his case presents circumstances under which the ALJ is required to make a separate finding that the claimant is able to maintain employment over a significant period of time.  See Dunbar v. Barnhart, 330 F.3d 670, 672 (5th Cir. 2003); Watson v. Barnhart, 288 F.3d 212, 217-18 (5th Cir. 2002).

AFFIRMED.