**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2009

No. 08-31169
Summary Calendar

Charles R. Fulbruge III
Clerk

TRUDY PATTERSON

Plaintiff - Appellant

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-00418

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Trudy Patterson appeals an order of the district court affirming the final decision of the Commissioner of Social Security denying her claims for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. Because substantial evidence supports the Administrative Law Judge's decision, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

On September 13, 2000, Patterson filed applications for Title II disability insurance benefits and for Title XVI supplemental security income benefits. In both applications, Patterson alleged disability beginning December 31, 1998 due to diabetes, bipolar disorder, Graves' Disease, and a "sweat gland disease." The claims were then the subject of two denials which were vacated by the Appeals Council for further proceedings before a third hearing was conducted on August 8, 2006, before ALJ Lawrence T. Ragona. The ruling from that hearing forms the basis for this appeal. Patterson, who was represented by counsel, testified; the ALJ also heard from a vocational expert and a psychological expert.

On September 26, 2006, ALJ Ragona issued an adverse decision concluding that Patterson was not disabled because she could perform her past relevant work. The ALJ found that: 1) Patterson met the insured status requirements of the Social Security Act; 2) Patterson had not been engaged in substantial gainful activity at any relevant time; 3) Patterson had severe impairments consisting of diabetes, hypertension, Graves' disease, obesity, impaired vision secondary to Graves' disease, and bipolar disorder, however these impairments or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2006); 4) Patterson retained the residual functional capacity to lift and carry fifty pounds occasionally and twenty-five pounds occasionally, to stand and walk six hours in a workday and sit six hours in a workday, her push and pull ability would be limited by the weights she was able to lift and carry, she was able to understand, remember, carry out, and sustain attention to perform simple one and two-step instructions in jobs requiring a limited interaction with the public, and was able to perform work not requiring her to read fine print or work at heights or around dangerous machinery; and 5) Patterson was capable of performing her past relevant work as a cleaner/housekeeper.

Patterson requested a review of the decision by the Appeals Council, and on May 8, 2007, the request was denied, making ALJ Ragona's decision the final decision of the Commissioner. Patterson then sought judicial review of that decision pursuant to 42 U.S.C. § 405(g) (2006). The matter was referred to a magistrate judge, who recommended that the ALJ be affirmed. After independently reviewing the entire record, the district court entered an order affirming the decision of the ALJ for the reasons set forth in the magistrate judge's report. Patterson appeals the decision of the district court.

## II.

In reviewing the ALJ's decision denying disability income benefits and supplemental security income benefits, we are limited to two inquiries: (1) whether the decision is supported by substantial evidence in the record as a whole, and (2) whether the ALJ applied the proper legal standard. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). "[I]t must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quotation omitted). "If the [Commissioner's] findings are supported by substantial evidence, they are conclusive and must be affirmed." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990); *see also* 42 U.S.C. § 405(g). We "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett*, 67 F.3d at 564.

To determine if the claimant is disabled, the ALJ conducts a five step analysis that asks:

> 1) whether the claimant is presently engaging in substantial gainful activity, 2) whether the claimant has a severe impairment, 3) whether the impairment is listed, or equivalent to an impairment listed in appendix I of the regulations, 4) whether the impairment

prevents the claimant from doing past relevant work, and 5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Id*. at 564 n.2; *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof with respect to the first four steps of this analysis. *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999). If the claimant proves the first four steps, then the burden shifts to the Commissioner to establish that the claimant nonetheless has the ability to engage in other substantial gainful activity. *Id*.

In the instant case, the ALJ found Patterson not disabled at step four of the sequential analysis because she could perform her past relevant work as a cleaner/housekeeper. In her brief, Patterson asserts that the ALJ did not make adequate findings regarding her ability to sustain gainful employment for a significant amount of time, relying on this court's decision in *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).[1]

In *Singletary*, there was overwhelming medical evidence that the claimant was unable to hold a job due to his severe mental illnesses. *Id*. at 822. This court reversed the ALJ's denial of benefits, holding:

> A finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can *hold* whatever job he finds for a significant period of time.

*Id*. at 822 (emphasis in original). We held that, under the facts presented, there was no substantial evidence supporting a determination that the claimant could maintain employment. *Id*. at 823.

---

[1] Patterson does not advance other issues that were raised with the district court, most notably issues relating to her physical residual functional capacity, so those issues are waived on appeal. *See Bursztajn v. United States*, 367 F.3d 485, 491 (5th Cir. 2004) (issues not briefed are abandoned).

We have since clarified that *Singletary* does not always require a specific finding that the claimant can hold a job for a significant period of time.

> [A]bsent evidence that a claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of [residual functional capacity] we do not . . . require a specific finding that the claimant can maintain employment.

*Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003); *see also Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005).

The ALJ carefully and thoroughly discussed the evidence presented and evaluated Patterson's ability to maintain employment in light of that evidence. We conclude that his finding that Patterson was not disabled was supported by substantial evidence. The ALJ, not this court, had the sole responsibility for determining what weight to give to the conflicting evidence, including medical evidence, presented to him. *See Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000). Accordingly, the district court's judgment is AFFIRMED.