# United States Court of Appeals for the Fifth Circuit

No. 22-20559
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2023

Lyle W. Cayce
Clerk

Jesus Miranda,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, *Acting Commissioner of Social Security*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-1029

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jesus Miranda appeals the Social Security Administration ("SSA") Commissioner's partial denial of his application for disability insurance benefits and supplemental security income. *See* 42 U.S.C. §§ 423, 1382.

Miranda claims he suffers from a variety of problems that qualified him as disabled from February 2013 through October 2019. The SSA denied

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20559

Miranda's applications. Miranda then requested a hearing before an ALJ, which took place on January 9, 2020. Miranda, his spouse, a medical expert, and a vocational expert all testified. The ALJ rendered a partially favorable decision: finding him disabled after, but not before, his fiftieth birthday. The Appeals Council denied Miranda's request to review the ALJ's decision. Miranda appealed to the district court, 42 U.S.C. § 405(g), which also affirmed.

Miranda then appealed to us. We have jurisdiction under 28 U.S.C. § 1291. "Our standard of review of social security disability claims is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012).

Miranda alleges two errors. First, he claims the ALJ erred in determining that none of Miranda's impairments met or equaled one of the relevant listed impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. Part 404, Subpt. P, App'x 1. Second, he says the ALJ also erred by finding that Miranda could have performed work available in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(V).

We disagree: Substantial evidence supported each of these findings. The record demonstrates that the ALJ appropriately considered Miranda's treatment history and other relevant evidence in concluding that he did not satisfy all the relevant criteria. *See* 20 C.F.R. Part 404, Subpt. P, App'x 1, § 12.04; *see also Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005) ("That the ALJ did not specifically cite each and every piece of medical evidence considered does not establish an actual failure to consider the evidence. The ALJ's decision indicates that he properly considered,

referenced, and balanced the [evidence.]" (quotation omitted)). Likewise, the ALJ properly relied upon the vocational expert's testimony that someone of Miranda's age, education, past work experience, and residual functional capacity could perform jobs existing in sufficient numbers in the economy. *See Masterson v. Barnhart*, 309 F.3d 267, 273 (2002) ("Masterson objects that the ALJ asked Marion improper hypothetical questions about Masterson's abilities, but the record clearly reflects that the ALJ scrupulously incorporated into the hypothetical questions all of Masterson's disabilities supported by evidence and recognized by the ALJ.").

AFFIRMED.